# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MARJORIE MIDDLETON** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 5:07-CV-482-HL |
| **DR. ASAD NAQVI** : | |
| : | |
| **Defendant.** : | |
| : | |

# ORDER

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Docs. 2 & 4). After reviewing Plaintiff's motion and affidavit, this Court finds that Plaintiff is unable to pay the costs of commencing this action, and therefore, Plaintiff's Motion to Proceed IFP is granted. Because Plaintiff is proceeding IFP, this Court is required to dismiss this case if it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2) (West 2006). For the reasons stated below, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and therefore, this case is dismissed.

## I. FACTS

On December 31, 2007, Plaintiff filed her Complaint (Doc.1) against Defendant, Dr. Asad Naqvi, after Plaintiff allegedly suffered a dystonic drug reaction to Navane, an

antipsychotic medication that Defendant prescribed to her. Plaintiff's Complaint is actually contained in two documents. The first document is a form complaint that is used by pro se litigants in Title VII cases. The second document is a handwritten complaint.[1] Plaintiff's form complaint asserts that this action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003). Plaintiff, however, was Dr. Naqvi's patient, not employee. This is evident not only from the allegations contained in both complaints, but Plaintiff asserts in the form complaint that she is not employed by Dr. Naqvi, Plaintiff failed to list the dates of her employment, and Plaintiff wrote "N/A" in the space where the form complaint asks Plaintiff to assert why her employment was terminated. Though Plaintiff was never an employee of Defendant, Plaintiff does assert in her form complaint that Defendant discriminated against her on the basis of race, religion, sex, national origin, age, and disability. Plaintiff's form complaint does not state how Defendant discriminated against her, and Plaintiff's handwritten complaint does not even allege discrimination. In addition to asserting claims of discrimination, Plaintiff has asserted a medical malpractice claim against Defendant. Plaintiff's medical malpractice claim is contained in both her form complaint and her handwritten complaint.

**II.     DISCUSSION**

Pursuant to 28 U.S.C.A. § 1915(e)(2), the Court is required to review an in forma

---

[1] Plaintiff also filed a "deposition" with her two complaints. The deposition is simply Plaintiff's handwritten recitation of the facts of the case. For purposes of this Order, this Court construes the handwritten deposition and the allegations therein as part of Plaintiff's handwritten complaint.

pauperis complaint and dismiss it, or any portions thereof, if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

In this case, Plaintiff's allegations of discrimination do not state a claim on which relief may be granted. Plaintiff has not even asserted how Defendant discriminated against her. Construing Plaintiff's pro se complaint liberally, this Court, for purposes of this Order only, finds that Plaintiff alleges that Defendant discriminated against her on the grounds listed in her form complaint by negligently prescribing Navane to her. Plaintiff's form complaint invokes Title VII, but Plaintiff is not entitled to relief under Title VII because Plaintiff was not Defendant's employee when the alleged discrimination occurred. See 42 U.S.C.A. §§ 2000e-2, 2000e-3 (West 2003) (listing Title VII's prohibited employment practices). Again, because Plaintiff is proceeding pro se, this Court has liberally construed Plaintiff's Complaint and has attempted to find any other federal laws that may entitle her

to relief under the facts as she has alleged them. After considering this issue, this Court has been unable to find any federal or Georgia state laws that would entitle Plaintiff to relief. As a result, Plaintiff has not stated a claim for relief on her allegations of discrimination, and therefore, Plaintiff's discrimination claims are dismissed.

Other than the discrimination allegations, the only other claim that Plaintiff has attempted to assert against Defendant is a claim for medical malpractice, which is a state law claim. This Court does not have subject matter jurisdiction over this claim because Plaintiff has not properly alleged diversity jurisdiction. See U.S.C.A. § 1332(a). The party seeking to invoke federal diversity jurisdiction must affirmatively allege the citizenship of the parties and that the amount in controversy exceeds $75,000. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Here, Plaintiff has failed to allege her citizenship and the citizenship of Defendant. As a result, this Court does not have diversity jurisdiction over Plaintiff's medical malpractice claim.

The only other possible jurisdictional basis for Plaintiff's medical malpractice claim is supplemental jurisdiction. When a district court has original jurisdiction over a civil action, the court can also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367 (West 2006). If the basis for original jurisdiction is the assertion of a federal claim, the federal claim must be substantial. L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984). An asserted federal claim is not substantial if it is frivolous.

*Id.*

Here, the only federal claim Plaintiff has attempted to assert is a Title VII claim. This claim is frivolous because, as stated above, Plaintiff was not employed by Defendant when Defendant allegedly discriminated against her. It is clear that Title VII applies to employment discrimination and does not apply to discrimination by a doctor against a patient. Furthermore, this Court has been unable to find any possible federal claims that Plaintiff may have against Defendant under the facts that Plaintiff has alleged. Accordingly, there is no basis for supplemental jurisdiction over Plaintiff's state law medical malpractice claim because Plaintiff has not asserted a non-frivolous federal claim that could serve as a basis for original jurisdiction.

## III. CONCLUSION

For the aforementioned reasons, Plaintiff's Complaint is dismissed without prejudice.

**SO ORDERED**, this the 25th day of January, 2008.

*/s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc